# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOHN PAUL JONES, III,
            Appellant,

       v.

ARMED FORCES RETIREMENT
   HOME,
            Agency.

DOCKET NUMBER
DE-3330-15-0149-I-1

DATE: March 8, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>John Paul Jones, III</u>, Albuquerque, New Mexico, pro se.

<u>Robert Charles Rutherford, Jr.</u>, Washington Navy Yard, D.C., for
   the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under Veterans Employment Opportunities Act of 1998 (VEOA). Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The following facts are undisputed unless otherwise noted. The appellant exhausted his administrative remedies with the Department of Labor and timely filed an appeal alleging that the Armed Forces Retirement Home ("AFRH" or "the agency") violated his veterans' preference rights when it did not select him for a Health System Administrator position under Vacancy Announcement 14-AFRH-137P, which was open to United States Citizens. Initial Appeal File (IAF), Tab 1, Tab 7 at 5, 26. The agency adjudicated the appellant's veterans' preference and included him on the certificate of Best Qualified candidates referred to the selecting official, but none of the referred candidates were interviewed or selected because the agency determined that none of the applicants had any long-term care experience. IAF, Tab 7 at 7, 25, Tab 9 at 6, Tab 10 at 5. The agency re-advertised the position to attract new applicants. *Id.*

¶3 On appeal, the appellant argued that the agency's decision to repost the position without selecting a candidate was "an enormous RED FLAG, indicating unlawful action." IAF, Tab 1 at 5. The appellant further argued, among other things, that the agency failed to credit his military experience. *Id.* The administrative judge advised the parties of the applicable law and burdens of

proof and ordered the appellant to submit evidence and argument to determine whether there was a genuine dispute of material fact at issue on appeal. IAF, Tab 8. After considering the parties' submissions, the administrative judge denied the appellant's request for corrective action under VEOA, without holding a hearing, and found that there was no genuine dispute of material fact regarding his allegation that the agency violated VEOA. IAF, Tab 13, Initial Decision (ID) at 8; Tabs 9-12.

¶4    In reaching his decision, the administrative judge found that the appellant offered no evidence to contradict the sworn declaration of the agency's human resources specialists stating that the agency decided to re-advertise the position and cancel the vacancy announcement without making a selection because none of the applications had long-term care experience. ID at 7; IAF, Tabs 9-10. The administrative judge also found, based on the undisputed facts, that the appellant failed to generate a genuine dispute of material fact regarding the allegation that the agency failed to credit his military experience. ID at 6. The appellant filed a petition for review, and the agency responded in opposition to his petition. Petition for Review (PFR) File, Tabs 1, 3.

¶5    To be entitled to relief under VEOA, the appellant must prove by preponderant evidence that the agency's action violated one or more of his statutory or regulatory veterans' preference rights in its selection process. *Graves v. Department of Veterans Affairs*, 114 M.S.P.R. 209, ¶ 10 (2010). A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.56(c)(2). The Board has the authority to decide a VEOA appeal on the merits, without a hearing, where there is no genuine dispute of material fact and one party must prevail as a matter of law. *Haasz v. Department of Veterans Affairs*, 108 M.S.P.R. 349, ¶ 9 (2008). A factual dispute is "material" if, in light of the governing law, its resolution could affect the outcome.

*Waters-Lindo v. Department of Defense*, [112 M.S.P.R. 1](), ¶ 5 (2009).  A factual dispute is "genuine" when there is sufficient evidence favoring the party seeking an evidentiary hearing for the administrative judge to rule in favor of that party should that party's evidence be credited.  *Id.*

¶6        Preference-eligible veterans applying for Federal employment have the right "to credit for all experience material to the position for which examined, including experience gained in religious, civic welfare, service, and organizational activities, regardless of whether" such experience is unpaid.  [5 U.S.C. § 3311](2); *see* [5 C.F.R. § 302.302](d); *see also Miller v. Federal Deposit Insurance Corporation*, [121 M.S.P.R. 88](), ¶ 7 (2014).  Although a preference eligible is entitled to have a broad range of experiences considered by the agency in reviewing his application for a position, how the agency adjudges and weighs those experiences is beyond the purview of the Board's review in a VEOA appeal.  *Miller*, [121 M.S.P.R. 88](), ¶ 9.

¶7        The matter at issue in a VEOA appeal is not whether a particular agency action is proper and should be sustained.  *Id.*  Pursuant to [5 U.S.C. § 3311](2) and [5 C.F.R. § 302.302](d), the Board is limited to assessing whether an agency considered all of an appellant's "valuable experience" that is material to the position for which he has applied, and this assessment does not include a review of the weight the agency gave to a preference eligible's prior experiences in determining that he was not qualified for a position of employment.  *Miller*, [121 M.S.P.R. 88](), ¶ 9.  That said, VEOA does not guarantee a preference eligible a position of employment.  *Scharein v. Department of the Army*, [91 M.S.P.R. 329](), ¶¶ 9-10 (2002), *aff'd*, No. 02‑3270, 2008 WL 5753074 (Fed. Cir. Jan. 10, 2008).

¶8        It is undisputed that the agency did not select any of the candidates who applied under Vacancy Announcement 14-AFRH-137P.  ID at 2-3.  Although the appellant argues that the agency unlawfully decided to cancel the announcement without making a selection and re-advertise the position, the Board has recognized that there is no statute or regulation requiring that an agency make a

selection from the applicants for a vacancy announcement. To the contrary, the Board has observed that an agency may cancel or repost a vacancy announcement without making a selection. *See Abell v. Department of the Navy*, 343 F.3d 1378, 1384 (Fed. Cir. 2003) (finding that "[a]n agency may cancel a vacancy announcement for any reason that is not contrary to law"); *Ward v. Office of Personnel Management*, 79 M.S.P.R. 530, 534 (1998) (an agency has discretion as to which sources it will use to fill its positions and may select or not select from the applicants who respond to a vacancy announcement), *aff'd*, 194 F.3d 1333 (Fed. Cir. 1999) (Table). The agency presented undisputed evidence of a lawful reason for canceling the vacancy announcement; specifically that none of the candidates on the certificate of eligibles had long-term care experience and, therefore, the agency decided to "modify the job analysis questions and re-advertise the position." IAF, Tab 9 at 6, Tab 10 at 5.

¶9      On review, the appellant also fails to identify any evidence in the record that supports his generic argument that the agency violated his rights under regulations related to veterans' preference by failing to credit his qualifying experience in processing his application.[2] PFR File, Tab 1 at 11; *see Miller*, 121 M.S.P.R. 88, ¶ 12. Instead, the appellant raises various arguments on review that are not dispositive and present no basis for disturbing the initial decision

---

[2] As stated previously, the agency submitted affidavits from the human resources specialists swearing under the penalty of perjury that they adjudicated the appellant's 5-point (TP) veterans' preference, reviewed all of the documents in his application package, and placed him on the certificate of "Best Qualified" candidates referred to the hiring authority. IAF, Tabs 9-10. Regardless, we note that the Board denied the appellant's request for corrective action in a prior VEOA appeal, despite finding that the agency failed to afford him veterans' preference in the rating process, because the agency made no selection under the vacancy announcements, and therefore he would not have been selected. *Jones v. Department of Health & Human Services*, 119 M.S.P.R. 355, ¶ 14, *aff'd*, 544 F. App'x 976 (Fed. Cir. 2012). Consequently, the Board found no basis to find that the appellant suffered any harm from the agency's error failing to afford him veterans' preference in the rating process for that position. *Id*.

denying his request for corrective action under VEOA.[3]  The agency's decision to select none of the candidates who applied under Vacancy Announcement 14-AFRH-137P did not deny the appellant his opportunity to compete for the position or otherwise violate his rights under a statute or regulation relating to veterans' preference.  We therefore deny the petition for review.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

---

[3] For example, the appellant argues that the administrative judge improperly denied his right to a hearing and hearings should be mandatory based on the findings stated in the Board's January 2015 study titled, "The Impact of Recruitment Strategy on Fair and Open Competition for Federal Jobs."  PFR File, Tab 1 at 5-10.  He states that agencies found him "'Best Qualified' for at least **176 positions**," but he never received an offer of employment.  *Id*. at 26.  He discusses his past VEOA appeals involving agencies other than AFRH and claims that there is a pattern and practice of intentionally circumventing veterans' rights.  *Id*. at 11-15, 17.  He discusses the Board's obligations to veterans and provides a historical analysis of the mistreatment of veterans, which includes references to "The Odyssey" by Homer and to corruption within the Veterans Administration.  *Id*. at 22-24.  He also argues that the administrative judge failed to perform his judicial duties.  *Id*. at 9.  However, we find that the appellant failed to establish a basis for granting his petition for review.  *Id*. at 9.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.